UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LOUIS RODRIGUEZ RAMIREZ,<br>    Plaintiff,<br>v.<br>TIMOTHY NORMENT, and<br>XPO LOGISTICS FREIGHT, INC.,<br>    Defendants. | Case No.  ___3:22-cv-454_____ |

## NOTICE OF REMOVAL

Defendants Timothy Norment and XPO Logistics Freight, Inc., (hereinafter collectively referred to as "Defendants"), by counsel Edward W. Hearn and Kyle J. Farris of JOHNSON & BELL P.C., and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, file their Notice of Removal of the above-captioned action from Superior Court of Elkhart County, Indiana, to this Court, based on the following grounds:

1. On May 4, 2022, Plaintiff filed his Complaint against Defendants in the Superior Court of Elkhart County, Indiana, which was designated under case no. 20C01-2205-CT-000077. A true and accurate copy of the Complaint is attached as Exhibit A and fully incorporated here.

2. In an effort to determine the amount in controversy in this matter, on May 17, 2022 the Defendants served Plaintiff's attorneys Alexander Limontes and Katherine Karres with a request to stipulate that the amount in controversy was less than seventy-five thousand dollars ($75,000.00). Defendants further indicated that if the stipulation was signed by June 16, 2022, Defendants would not seek to remove the case to Federal Court.

3. On May 17, 2022 in response to Defendants request to Plaintiff to stipulate that the damages were less than $75,000.00, Plaintiff's counsel responded that the Plaintiff's case is valued

in an amount that exceeded $75,000.00. This notice is filed within thirty (30) days of receipt of the Plaintiff's response.

4. Defendant Timothy Norment is an individual residing in Indiana and is a citizen of the State of Indiana. Although Plaintiff has attempted service on Defendant Norment, as of the filing of this notice of removal, the Plaintiff has not obtained service of process upon Timothy Norment and therefore, he has not been "properly joined and served" and removal is proper pursuant to 28 U.S.C. §§ 1332, 1441.

5. Defendant XPO Logistics Freight, Inc., is a Delaware corporation with its principal place of business in Ann Arbor, Michigan. Therefore, XPO Logistics Freight Inc., is a citizen of Delaware and Michigan

6. Plaintiff is an individual residing in Milwaukee, Wisconsin, and is a citizen of the State of Wisconsin.

7. Because Plaintiff is not a citizen of the same State as any Defendant, complete diversity exists.

8. In his Complaint, Plaintiff alleges damages from personal injuries. In accordance with *Ind. T. R.* 8(A)(2), Plaintiff has not specified a dollar amount in the request for relief in his Complaint.

9. Although Defendants deny the material allegations of Plaintiff's Complaint, Plaintiff's failure to stipulate that his damages do not exceed $75,000 acts as an agreement and thus establishes that the amount in controversy, exclusive of interests and costs, exceeds the $75,000 threshold to invoke this Court's diversity jurisdiction. *See Workman v. United Parcel Serv., Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000) (plaintiff's failure to stipulate to damages under $75,000 allows the inference that the claim is worth more); *Rubel v. Pfizer Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004) ("Plaintiffs can't prevent removal by refusing to concede that the controversy exceeds the

jurisdictional minimum . . . ."); *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 512–13 (7th Cir. 2006) (citing *Workman* and *Rubel*); *Webb v. Frawley*, 858 F.3d 459, 461–62 (7th Cir. 2017) (plaintiffs could have remained in state court by stipulating to damages under $75,000 but failed to do so).

10. This Court has original jurisdiction over the state-court action under 28 U.S.C. § 1332. This action is therefore removable to this Court under 28 U.S.C. §§ 1441 and 1446 because the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different States and/or subjects of foreign states.

11. Defendants have filed this Notice of Removal within thirty (30) days of determining that the case is removable.

12. Upon filing this Notice of Removal, Defendants will give written notice of that filing to all attorneys of record and the Clerk of the Superior Court of Elkhart County, Indiana.

Respectfully submitted:

JOHNSON & BELL, P.C.

By: /s/*Edward W. Hearn*
Edward W. Hearn, #18691-64
Kyle J. Farris, # 35820-64
11041 Broadway
Crown Point, Indiana 46307
(219)791-1900
hearne@jbltd.com
farrisk@jbltd.com

## CERTIFICATE OF SERVICE

I certify that on June 13, 2022, I electronically filed the foregoing document with the Clerk of the United States District Court for the Northern District of Indiana, South Bend Division, using the CM/ECF system and that the foregoing document was served upon all counsel of record.

*/s/Edward W. Hearn*
Edward W. Hearn, #18691-64